BARRY E. HINKLE, Bar No. 071223
KRISTINA L. HILLMAN, Bar No. 208599
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone (510) 337-1001
Fax (510) 337-1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA; CARPENTERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; and CARPENTERS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD for itself and on behalf of NORTHERN CALIFORNIA CARPENTERS REGIONAL COUNCIL and CARPENTERS UNION LOCAL NO. 22<br><br>Plaintiffs,<br><br>v.<br><br>SAUL M. CRUZ, Individually; SAUL M. CRUZ, Individually and doing business as SMC MODULAR INSTALLATION; MAGDALENA L. CRUZ, Individually; MAGDALENA L. CRUZ, Individually and doing business as SMC MODULAR INSTALLATION; SMC MODULAR INSTALLATION; Does 1 through 10, inclusive<br><br>Defendants. | No.   C 08 01067 CW<br><br>**DECLARATION OF JIM CROTTY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Date:  June 6, 2008<br>Time:  9:30 a.m.<br>Courtroom: A, 15th Floor<br><br>**Honorable Joseph C. Spero** |

DECLARATION OF JIM CROTTY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 08 01067 CW

I, Jim Crotty, hereby declare as follows:

1. I am a Field Representative of the Carpenters Union Local No. 22. My business address is Carpenters Local Union No. 22, 2085 3rd Street, San Francisco, CA 94107 and my business phone number is (415) 355-1322. I make this declaration upon my personal knowledge, and, if called as a witness, I could competently testify to the facts hereinafter stated.

2. Defendants are signatory employer and signed a collective bargaining agreement with the Carpenter 46 Northern California Counties. Attached hereto and marked as Exhibit "A" is a true and correct copy of the Memorandum Agreement signed on April 8, 2003.

3. By signing the Collective Bargaining Agreements and Memorandum of Agreement, Defendants agreed to the terms and conditions of said agreements. Defendants specifically promised to pay employees on time and in accordance with the terms and conditions of the collective bargaining agreement, including paying the hourly amounts required by the collective bargaining agreements for each hour worked by any of Defendants' employees who performed any work covered by said agreements.

4. SMC Modular Systems is a business that operated in San Francisco, CA. Saul and Magdalena Cruz are the owners of SMC Modular Systems. I know this because Saul M. Cruz, an owner of SMC Modular Systems, provided this information when he signed the Collective Bargaining Agreement and because Magdalena Cruz executed a promissory note on behalf of SMC Modular Systems and in favor of the Carpenters Trust Funds. This information is also listed in the Fictitious Business records for San Francisco County. The Fictitious Business records for San Francisco County, which I reviewed on the County's website at http://services.sfgov.org , are attached hereto as Exhibit "B."

5. At all times material hereto, the Defendants, Saul M. Cruz, Individually; Saul M. Cruz, Individually and doing business as SMC Modular Installation; Magdalena L. Cruz, Individually; Magdalena L. Cruz, Individually and doing business as SMC Modular Installation; and SMC Modular Installation have been, and are, employers within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. Section 1002(5), 1145, and employers in an industry

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA 94501-1091

- 2 -
DECLARATION OF JIM CROTTY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 08 01067 CW

affecting commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185. I know this based upon the Collective Bargaining Agreement.

6. The Collective Bargaining Agreement between the Carpenters and the Defendants has never been terminated.

7. On November 13, 2007, a grievance hearing was held pursuant to the terms of the Collective Bargaining Agreement. On November 15, 2007, Arbitrator Gerald R. McKay issued a decision ordering Defendants to pay waiting time penalties and costs of proceedings in the amount of $8,304.96. Arbitrator McKay also found that Defendants must pay attorneys' fees and costs incurred in enforcing the Award, should Defendants not comply with the terms of the Award. Attached hereto and marked as Exhibit "C" is a true and correct copy of the November 15, 2007 Decision and Award for Grievance No. 07-141.

8. Despite numerous requests by the Union, Defendants refused to comply with the Decision and Award of Arbitrator Gerald R. McKay of November 15, 2007 (Grievance No. 07-141). Accordingly, Union referred this matter to the Union's attorneys, Weinberg, Roger & Rosenfeld, and the Union brought an action to confirm the Award and compel payment of the Award.

9. On January 8, 2008, another grievance hearing was held pursuant to the terms of the Collective Bargaining Agreement. On January 9, 2008, Arbitrator Fred R. Wright issued a decision ordering Defendants to pay wages and waiting time penalties, as well as the cost of the arbitration proceeding in the amount of $30,849.15. Arbitrator Wright also found that Defendants must pay attorneys' fees and costs incurred in enforcing the Award, should Defendants not comply with the terms of the Award. Attached hereto and marked as Exhibit "D" is a true and correct copy of the January 9, 2008 Decision and Award for Grievance No. 07-165.

///
///
///
///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

DECLARATION OF JIM CROTTY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 08 01067 CW

10. Despite numerous requests by the Union, Defendants refused to comply with the Decision and Award of Arbitrator Fred R. Wright of January 9, 2008 (Grievance No. 07-165). Accordingly, Union referred this matter to the Union's attorneys, Weinberg, Roger & Rosenfeld, and the Union brought an action to confirm the Award and compel payment of the Award.

11. In light of the Defendants' failure to pay the amounts due under the various arbitration awards, the Union has incurred attorney's fees and costs that are detailed in the accompanying Declaration of Concepción E. Lozano-Batista for attorney's fees.

12. The Master Agreement and the Awards provide for the recovery of attorney's fees and costs in an action to recover a delinquent balance due.

13. Since the filing of this litigation, it has come to my attention that Defendants Magdalena and Saul Cruz are currently operating another business under the name of Westcoast Installation Service. I know this because I went to the Cruz's new business location and found that name on the front of their business. However, there is no business filing and/or fictitious business filing for this venture.

14. If called as a witness I could competently testify to the above facts since they are within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of April 2008, at ~~Oakland~~ SAN FRANCISCO, California.

By: _____
JIM CROTTY

118076/489858

---

- 4 -

DECLARATION OF JIM CROTTY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 08 01067 CW

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

# CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES
## MEMORANDUM AGREEMENT

It is hereby mutually understood and agreed by and between the undersigned individual employer or association and the Carpenters 46 Northern California Counties Conference Board, for and on behalf of all its affiliated Local Unions and District Councils in the 46 Northern California Counties, hereinafter referred to as "Union," that for and in consideration of services performed and to be performed by carpenters for the individual employer, the individual employer or association agrees to comply with all wages, hours, and working conditions set forth in the Carpenters Master Agreement for Northern California effective July 1, 1999 through June 30, 2004 (which Agreement is incorporated herein by reference and a copy of which has been delivered to me and receipt of which is hereby expressly acknowledged), which amends, modifies, supplements and renews each and every, all and singular, previous Carpenters Master Agreements or individual employer Memorandum Agreements in the construction industry in the 46 Northern California Counties and any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement which may be negotiated between the parties thereto for the term thereof. The individual employer expressly acknowledges that it has satisfied itself that the Union represents a majority of its employees employed to perform bargaining unit work and that the Union is the collective bargaining representative of such employees. The individual employer specifically agrees it is establishing or has established a collective bargaining relationship within the meaning of Section 9 of the National Labor Relations Act of 1947, as amended, by executing this Agreement and/or by the execution of previous Memorandum Agreement(s).

The term "Master Agreement" referred to in this Memorandum Agreement shall be the Master Agreement referred to above or any other agreement designated in writing by the Union as the "Master Agreement" for a term or period subsequent to May 1, 1986 or any subsequent modifications, changes, amendments, supplements, extensions or renewals of or to said designated Master Agreement.

The individual employer by executing this Memorandum Agreement continues to be bound by each and every of the Memorandum Agreements previously signed by said individual employer, if any, for all work performed by said individual employer as described in said Master Agreement and as covered by said Master Agreement regardless of the name or style of doing business or method of organization of any individual employer entity including but not necessarily limited to any activity as a contractor, subcontractor, owner, developer or construction manager and specifically applies to any company, firm or corporation in the construction industry with which or to which the undersigned has any connection of any nature or kind whatsoever.

The individual employer agrees to pay all sums of money for each hour paid for or worked by employees performing work covered by said Master Agreement to each and every, all and singular, of the Trust Funds specified in said Master Agreement and to accept, assume, and be bound by, all of the obligations of any Trust Agreement, Plan or Rules, or any amendments, modifications or changes thereof made by the parties thereto, as are now or may hereafter be imposed upon any individual employer by or pursuant to any such Trust, Trust Fund or Plan as set forth in the Master Agreement or any applicable Trust Agreement.

The individual employer further agrees that he or it does irrevocably designate and appoint the employer members of said Trust Funds and Plans mentioned in the Master Agreement as his or its attorneys in fact for the selection, removal and substitution of Trustees or Board members as provided in the Trust Agreements or Plans as may be hereinafter provided by or pursuant to said Trust Agreements or Plans.

Notwithstanding any provision of the Master Agreement or this agreement, it is understood that the individual employer is required to give written notice to the Union at 446 Hegenberger Road, Oakland, California 94621 of the name or names of any entity, person, firm or corporation engaged in the construction industry with which the undersigned becomes or is now connected and any change of name or style under which the undersigned will be or is engaged in the construction industry in the territory covered by said Master Agreement. Such written notice must be given no less than ten (10) days prior to the date of any such change of name, new corporation, change of corporate status, creation or formation of any entity, etc.

The Union agrees to perform all of the provisions of the agreement hereinabove referred to.

This agreement shall be binding upon the heirs, executors, administrators, successors, purchasers and assigns of the individual employer, including any name or style under which business is conducted with respect to work covered by this Agreement.

Notwithstanding any provision of the Master Agreement or this Agreement, the individual employer agrees that upon a showing by the Union or any of its affiliates that a majority of the individual employer's shop employees, if any, have designated the Union or any of its affiliates as their representative for collective bargaining purposes, the individual employer shall recognize the Union and/or its affiliates as the collective bargaining representative of its shop employees and shall forthwith comply with all wages, hours, terms and conditions of the then applicable Millmen's Master Agreement for the term thereof. Proof of such majority representation shall be established by the submission of authorization cards to a neutral third person who shall compare the signatures with appropriate employee records. The individual employer shall fully cooperate in such review upon demand by the Union or any of its affiliates. Except as set forth below the individual employer waives any right that he or it may have to terminate, abrogate, repudiate or cancel this Agreement during its term, or during the term of any future modifications, changes, amendments, supplements, extensions, or renewals of or to said Master Agreement; or to file or process any petition before the National Labor Relations Board seeking such termination, abrogation, repudiation or cancellation.

This Agreement shall remain in full force and effect until June 30th, 2004, and shall continue thereafter for the term of any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement which may be negotiated between the parties thereto unless either party to this Memorandum Agreement gives written notice to the other of the desire to change or cancel not more than ninety (90) nor less than sixty (60) days prior to June 30, 2004, or June 30th of any year in which the Master Agreement may terminate. Neither this Agreement nor the Carpenters Master Agreement for Northern California, which is incorporated herein, may be changed or modified, in any way, without the written approval by the Chairman or Executive Director of the Union.

**UNION:** Carpenters 46 Northern California Counties Conference Board for and on behalf of all its affiliated Local Unions and District Councils in the 46 Northern California Counties.

_[signature]_
Robert Alvarado, Chairman

_[signature] Bill Feyling_
William Feyling, Executive Director

Local Union or Regional Council: LOCAL 22
By Union Representative: _[signature]_ Bob Jr.

RECEIVED APR 10 2003
CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD

**EMPLOYER:**

PRINT - Name of Individual Employer or Association: Saul M. Grab

Signature of Individual Employer or Authorized Representative: _[signature]_

Address: 77 Anderson St.

City and State (Include Zip Code): San Francisco 94110

Contractor's License Number(s): PENDING

Title (RME, RMO, Partner, Owner, etc.): OWNER

Date Signed: 4/8/03

Effective Date: 4/8/03

Telephone Number: 415 268-5217

EXHIBIT A

# SMC

**MODULAR SYSTEMS INSTALLATIONS & REPAIRS**

Saul M. Cruz  
733 Cortland Ave.  
San Francisco, Ca 94110

Tel. (415) 268-5217  
Cell (415) 867-8730  
Fax (415) 642-7564



# Office of The County Clerk

Search Detail - Fictitious Business Search

Step 3 of 3
❶ ❷ ❸

**Document Number  Date Filed**
2003-0264728-00  02/21/2003




|  |  | Start Date | Abandonment Date |
|---|---|---|---|
| Business Name | S.M.C. MODULAR SYSTEM INSTALLATIONS & RE | 02/21/2003 |  |
| Address | 77 ANDERSON ST |  |  |
| City, State and Zip Code | SAN FRANCISCO, CA, 94110 |  |  |

|  |  | Start Date | Withdrawal Date |
|---|---|---|---|
| Owner Name | CRUZ MAGDALENA L | 02/21/2003 |  |
| Owner Name | CRUZ SAUL M | 02/21/2003 |  |

<- Previous Record - New Search - Next Record ->

Return To List

## Technical Support for Online Services

If you need help or have a question about this service, please visit our support area.

EXHIBIT B

IN GRIEVANCE PROCEEDINGS
PURSUANT TO SECTION 51 OF THE
CARPENTERS MASTER AGREEMENT

| | |
|---|---|
| CARPENTERS LOCAL UNION #22, ) | |
| ) | Grievance #07-141 |
| Grievant, ) | |
| ) | |
| vs. ) | DECISION AND AWARD OF |
| ) | THE ARBITRATOR |
| SMC MODULAR INSTALLATION, ) | |
| ) | |
| Employer. ) | |

These grievance proceedings were convened on this 13th day of November, 2007, in the offices of the Carpenters 46 Northern California Counties Conference Board located at 265 Hegenberger Road, Suite 220, Oakland, California.

The Union, Carpenters Local Union #22 (hereinafter referred to as "Union), appeared through its representative, Jim Crotty.

The Employer, SMC Modular Installation (hereinafter referred to as "Employer"), did not appear although notice was duly given to Employer.

A quorum of the Board of Adjustment, including the Arbitrator, Gerald R. McKay, was present.

The Board of Adjustment met and deadlocked and pursuant to the terms of Section 51, the matter was submitted to the Arbitrator, Gerald R. McKay, for final and binding decision upon the parties.

The following exhibits were introduced:

1. Copy of the Carpenters Master Agreement for Northern California;

2. Copy of a Carpenters 46 Northern California Counties Memorandum Agreement signed and dated by the company on April 8, 2003;

3. Copy of the Notice of Grievance dated October 23, 2007;

4. Copy of a letter dated October 29, 2007, notifying the Employer of the date and time of the hearing, which letter was sent to the last known address of SMC Modular Installation;

5. Return receipt from certified mail dated November 3, 2007;



EXHIBIT C

6. Copy of the Northern California Carpenters Trust Fund Remittance Report for the month of June, 2007;

7. Copy of the Northern California Carpenters Trust Fund Remittance Report for the month of May, 2007;

8. Packet of information submitted by the Union.

Testimony was given by Jim Crotty with respect to the grievance.

Remedy sought:

That the Employer forthwith cease and desist any further violations of the Carpenters Master Agreement for the remainder of its term;

That the Employer forthwith comply with said Agreement for the remainder of its term;

That the Employer be assessed for violations as found;

The evidence having been taken, the matter stood submitted for decision by the Arbitrator.

## DECISION

1. Based upon the evidence submitted, it is found that the Employer, SMC Modular Installation (hereinafter referred to in this Decision and Award as "Employer"), is a party to and bound to the current Carpenters Master Agreement. The Carpenters Master Agreement specifically requires the Employer to participate in the grievance procedure and authorizes the Board of Adjustment or Arbitrator to hear and decide the matter on a default basis in the event of Employer non-participation.

2. The Arbitrator has considered the evidence pertaining to the merits of the grievance and finds that the grievance filed by Carpenters Local Union #22 (hereinafter referred to as "Union") is meritorious and that the Union is entitled to a remedy to resolve this matter.

3. Having found in favor of the Union, the Arbitrator issues the following Award:

## AWARD

1. The Employer shall forthwith cease and desist any further violations of the current 46 Counties Carpenters Master Agreement for the remainder of its term. The Employer shall forthwith comply with said Agreement for the remainder of its term.

2. The Employer is in violation of the contract by failing to pay employees on time in accordance with the terms and conditions of the contract. Therefore, the Employer is directed to pay to the Grievants waiting time follows:

| Grievant | SS# | WAITING TIME | TOTAL |
|---|---|---|---|
| Paul Butler | 560-53-XXXX | 80 hours @ 20.18 per hour | $1,614.40 |
| Valentin Ceja | 613-35-XXXX | 80 hours @ 20.18 per hour | $1,614.40 |
| Jose Nunez | 445-80-XXXX | 16 hours @ 16.75 per hour | $268.00 |
| Angel Vazquez | 611-22-XXXX | 32 hours @ $16.75 per hour | $536.00 |
| Daniel Aguilar | 615-29-XXXX | 80 hours @ 16.75 per hour | $1,340.00 |
| Lino Garcia | 612-21-XXXX | 80 hours @ 16.75 per hour | $1,340.00 |
| Roberto Lozcano | 542-92-XXXX | 16 hours @ 16.75 per hour | $268.00 |
| Ricardo Tejeda, Jr. | 546-93-XXXX | 32 hours @ 23.63 per hour | $756.16 |
| Tino Sandoval | 605-92-XXXX | 16 hours @ 16.75 per hour | $268.00 |
|  |  |  | $8,004.96 |

3. In the event that there is any dispute between the parties to this Award concerning the amount of money due, or to whom said amounts are to be paid, the Arbitrator hereby retains jurisdiction over these proceedings to resolve or adjust said differences upon further submission to it by any of the parties to this Award.

4. In the event that the Employer does not comply with the terms of this Award and if the Union files suit to confirm this Award, the Union shall be entitled to reasonable attorneys' fees and court costs incurred in enforcing this Award. Said attorneys' fees and court costs are deemed a part of the remedy awarded by the Arbitrator in order to resolve the issues raised in the grievance procedure as set forth in Section 51 of the Carpenters Master Agreement.

5. It is further ordered that pursuant to Section 51, the Employer shall pay the sum of $300.00 as and for it share of the cost of these proceedings.

Amount due under this Award:

| | | |
|---|---|---|
| (a) | Waiting time (wages only) | $8,004.96 |
| (b) | Cost of proceedings | 300.00 |
| | **Amount due:** | **$8,304.96** |

_11-15-07_
Date

Gerald R. McKay, Arbitrator

4

CASE NUMBER(S): 07-141

CERTIFICATE OF SERVICE
(1013a, 2015.5 C.C.P.)

I am a citizen of the United States and a resident of the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 265 Hegenberger Road, Ste. 220, Oakland, California 94621. On November 15, 2007, I served the within **DECISION AND AWARD OF THE ARBITRATOR** on the interested parties in said action by placing a true and exact copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at Oakland, California, addressed as follows:

> SMC Modular Installation
> 1731 Poplar Street
> Oakland, CA 92207

(SENT CERTIFIED AND REGULAR MAIL. CERTIFIED RECEIPT #0001 6736 1320)

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, California on November 15, 2007.

_____
TISH COATES

IN GRIEVANCE PROCEEDINGS
PURSUANT TO SECTION 51 OF THE
CARPENTERS MASTER AGREEMENT

| | |
|---|---|
| **CARPENTERS LOCAL UNION #22,** | Grievance #07-165 |
| Grievant, | |
| vs. | DECISION AND AWARD OF THE BOARD OF ADJUSTMENT |
| **SMC MODULAR INSTALLATION,** | |
| Employer. | |

These grievance proceedings were convened on this 8th day of January, 2008, in the offices of the Carpenters 46 Northern California Counties Conference Board located at 265 Hegenberger Road, Suite 220, Oakland, California.

The Union, Carpenters Local Union #22 (hereinafter referred to as "Union), appeared through its representative, Jim Crotty.

The Employer, SMC Modular Installation (hereinafter referred to as "Employer"), appeared through its representative, Saul Cruz.

A quorum of the Board of Adjustment, including the Arbitrator, Gerald R. McKay, was present.

Pursuant to agreement, the matter was submitted to the Board of Adjustment for decision, which decision is final and binding upon the parties.

The following exhibits were introduced:

1. Copy of the Carpenters Master Agreement for Northern California;

2. Copy of a Carpenters 46 Northern California Counties Memorandum Agreement signed and dated by the company on April 8, 2003;

3. Copy of the Notice of Grievance dated December 10, 2007;

4. Copy of a letter dated December 17, 2007, notifying the Employer of the date and time of the hearing, which letter was sent to the last known address of SMC Modular Installation;

5. Return receipt from certified mail dated December 18, 2007;


EXHIBIT D

6. Copy of the Northern California Carpenters Trust Fund Remittance Report for the month of September, 2007;

7. Copy of the Northern California Carpenters Trust Fund Remittance Report for the month of August, 2007;

8. Summary of monies owed submitted by the Union.

Testimony was given by both sides with respect to the grievance.

Remedy sought:

That the Employer forthwith cease and desist any further violations of the Carpenters Master Agreement for the remainder of its term;

That the Employer forthwith comply with said Agreement for the remainder of its term;

That the Employer be assessed for violations as found;

The evidence having been taken, the matter stood submitted for decision by the Board of Adjustment.

## DECISION

1. Based upon the evidence submitted, it is found that the Employer, SMC Modular Installation (hereinafter referred to in this Decision and Award as "Employer"), is a party to and bound to the current Carpenters Master Agreement. The Carpenters Master Agreement specifically requires the Employer to participate in the grievance procedure and authorizes the Board of Adjustment or Arbitrator to hear and decide the matter on a default basis in the event of Employer non-participation.

2. The Board of Adjustment has considered the evidence pertaining to the merits of the grievance and finds that the grievance filed by Carpenters Local Union #22 (hereinafter referred to as "Union") is meritorious and that the Union is entitled to a remedy to resolve this matter.

3. Having found in favor of the Union, the Board of Adjustment issues the following Award:

## AWARD

1. The Employer shall forthwith cease and desist any further violations of the current 46 Counties Carpenters Master Agreement for the remainder of its term. The Employer shall forthwith comply with said Agreement for the remainder of its term.

2. The Employer is in violation of the contract by failing to pay its employees in accordance with the terms and conditions of the contract. Therefore, the Employer is directed to pay to the Grievants unpaid wages and waiting time in the total amount of $30,549.15 as follows:

| Grievant | SS# | UNPAID WAGES | WAITING TIME | TOTAL |
|---|---|---|---|---|
| Valentin Ceja Garcia | 613-35-XXXX | $1,226.67 | $807.20 | $2,033.87 |
| Florentino Sandoval | 605-92-XXXX | $ 589.76 | $670.00 | $1,259.76 |
| Lino Garcia | 612-21-XXXX | $1,438.39 | $670.00 | $2,108.39 |
| Paul Butler | 560-53-XXXX | $1,955.21 | $807.20 | $2,762.41 |
| Jose Nunez | 445-80-XXXX | $1,352.80 | $670.00 | $2,022.80 |
| Oswald Rojas | 649-28-XXXX | $1,197.84 | $670.00 | $1,867.84 |
| Daniel Aguilar | 615-29-XXXX | $1,352.80 | $670.00 | $2,022.80 |
| Angel Vasquez | 611-22-XXXX | $1,352.80 | $670.00 | $2,022.80 |
| Roberto Lozcano | 542-92-XXXX | $1,352.80 | $670.00 | $2,022.80 |
| Hector Soto | 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 | $ 443.92 | $670.00 | $1,113.92 |
| Michael Lunardelli | 548-45-XXXX | $ 686.88 | $670.00 | $1,356.88 |
| Enrique Candia | 569-58-XXXX | $ 732.96 | $670.00 | $1,402.96 |
| Raul Arana | 624-19-XXXX | $ 440.00 | $670.00 | $1,114.00 |
| Giancarlo Garcia | 610-25-XXXX | $ 440.00 | $670.00 | $1,114.00 |
| Diego Candia | 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 | $ 732.96 | $670.00 | $1,402.96 |
| Terry Guillory | 552-76-XXXX | $ 974.88 | $870.20 | $1,782.08 |
| Roberto Mora | 532-22-XXXX | $ 956.47 | $870.20 | $1,763.67 |
| Manuel Gutierrez | 721-89-XXXX | $ 705.21 | $670.00 | $1,375.21 |
| TOTAL | | | | $30,549.15 |

3. The Employer has asserted that the tax liability has been paid on the unpaid wages. Should it later be found that the taxes were not paid on the wages, the Union reserves the right to amend this Award to include the amounts that were deducted from the gross rate prior to the amounts listed in Exhibit 8.

4. In the event that there is any dispute between the parties to this Award concerning the amount of money due, or to whom said amounts are to be paid, the Arbitrator hereby retains jurisdiction over these proceedings to resolve or adjust said differences upon further submission to it by any of the parties to this Award.

5. In the event that the Employer does not comply with the terms of this Award and if the Union files suit to confirm this Award, the Union shall be entitled to reasonable attorneys' fees and court costs incurred in enforcing this Award. Said attorneys' fees and court costs are deemed a part of the remedy awarded by the Arbitrator in order to resolve the issues raised in the grievance procedure as set forth in Section 51 of the Carpenters Master Agreement.

6. It is further ordered that pursuant to Section 51, the Employer shall pay the sum of $300.00 as and for it share of the cost of these proceedings.

Amount due under this Award:

| | | |
|---|---|---:|
| (a) | Unpaid wages and waiting time | $30,549.15 |
| (b) | Cost of proceedings | 300.00 |
| | **Amount due:** | **$30,849.15** |

1/9/08
Date

Fred R. Wright, Member of the Board of
Adjustment for and on behalf of the Board

4

CASE NUMBER(S): 07-165

CERTIFICATE OF SERVICE
(1013a, 2015.5 C.C.P.)

I am a citizen of the United States and a resident of the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 265 Hegenberger Road, Suite 220, Oakland, California 94621. On January 9, 2008, I served the within **DECISION AND AWARD OF THE BOARD OF ADJUSTMENT** on the interested parties in said action by placing a true and exact copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at Oakland, California, addressed as follows:

**SMC Modular Installation
1731 Poplar Street
Oakland, CA 94607**

SENT CERTIFIED AND REGULAR MAIL. CERTIFIED RECEIPT #7007 2560 0001 6736 1887.

I certify under penalty of perjury that the foregoing is true and correct.

Executed in Oakland, California on January 9, 2008.

_____
Patricia K. Reese